U. S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - ALEXANDRIA

MAR 2 0 2008

ROBERT H. SHEMWELL, CLERK
BY _____
                    DEPUTY

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### ALEXANDRIA DIVISION

| | |
|---|---|
| **KEITH MARK DILLON** | **CIVIL ACTION NO. 06-1258** |
| **versus** | **JUDGE TRIMBLE** |
| **LOUISIANA DEPARTMENT OF CORRECTIONS, ET AL** | **MAGISTRATE JUDGE KIRK** |

## <u>MEMORANDUM RULING</u>

Defendants Louisiana Department of Corrections, Brad Rogers, Warden T.W. Thompson, Sergeant Edwards, Sergeant Walker, Lieutenant Hollifield, Sergeant Pietsch and Officer Hartzoglou (hereinafter "Defendants") filed a motion to dismiss [R. 43] alleging that plaintiff failed to exhaust his administrative remedies. Magistrate Judge Kirk issued his report and recommendations [R. 56] which recommended dismissal of the claims. Finding that an adjudication of this issue necessarily involved matters beyond the pleadings, the court issued an order [R. 61] converting the motion to a motion for summary judgment and instructing the parties to submit evidence and briefs thereon.

Defendants' motion for summary judgment and, alternatively, for reconsideration of the prior motion to dismiss [R. 62] is now before the court. For the reasons expressed in this ruling, the court finds that defendants' motion for summary judgment should be GRANTED and accordingly that plaintiff's claims against defendants be DISMISSED with prejudice. Consequently, the court also finds that defendants' motion for reconsideration of its prior motion

1

to dismiss should be DENIED as moot.

## I.    BACKGROUND

### A.    Relevant Facts

Plaintiff was a pre-trial detainee at Jefferson Parish Correctional Center (hereinafter "JPCC") when Hurricane Katrina made landfall and inflicted subsequent damage upon the Greater New Orleans area in August of 2005.[1]  On or about August 30, 2005 plaintiff and many of his fellow inmates were transferred to a temporary jail located at Jena, Louisiana (hereinafter "Jena").[2]  Plaintiff was thereafter transferred to Allen Correctional Facility (hereinafter "Allen") until his subsequent return to JPCC.[3]  Plaintiff filed the instant suit in July of 2006 alleging that he suffered abuse and injury at the hands of defendants while in custody at Jena in violation of his civil rights under 28 U.S.C. § 1983.  The report and recommendations issued by the Magistrate Judge indicate that plaintiff is no longer incarcerated and resides in Metairie, Louisiana.[4]

Defendants respond to plaintiff's claims by denying all allegations of abuse and injury and further assert fourteen (14) affirmative defenses, including plaintiff's failure to exhaust his administrative remedies as required by Section 1997e(a) of the Prison Litigation Reform Act (hereinafter "PLRA").  In furtherance of this particular affirmative defense, defendants filed the instant motion.

---

[1]See second amended complaint [R. 25].

[2]Id.

[3]Id.

[4]Report and recommendations [R. 56] at p. 2.

### B.     Applicable Standard

The motion before the court requests summary judgment pursuant to Fed. R. Civ. P. 56. In ruling on such a motion, we must determine whether the "...pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, if any show that there is no genuine issue as to any material fact..."[5]  A "material fact" is one which, given its resolution in favor of one party or another, might affect the outcome of the suit under applicable law.[6]  An issue is considered "genuine" when the evidence leaves open the possibility that a rational trier of fact might still return judgment in favor of the nonmoving party.[7]

Once the moving party has carried its burden of showing an absence of evidence to support the non-moving party's case, the burden shifts to the non-party to come forward with specific facts showing a genuine factual issue for trial.[8]  "Conclusory denials, improbable inferences, and legalistic argumentation" are not an adequate substitute for specific facts showing that a genuine issue of material fact remains to be tried.[9]  Evidence presented, whether in support of or in opposition to a motion for summary judgment, must be of such character that it would

---

[5]Fed. R. Civ. P. Art. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986); American Home Assurance Co. v. United Space Alliance, 378 F.3d 482, 486 (5th Cir. 2004).

[6]Anderson, supra, 477 U.S. 242, 248.

[7]Hamilton v. Segue Software, Inc., 232 F.3d 473, 477 (5th Cir. 2000), citing Anderson, supra, 477 U.S. 242, 248.

[8]Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

[9]SEC v. Recile, 10 F.3d 1093, 1097 (5th Cir. 1993).

3

be admissible at trial.[10]  Where both parties have presented contradictory evidence, the court will resolve all such controversy in favor of the non-moving party, viewing the facts and evidence in the light most favorable thereto.  General averments will not suffice, however, in place of specific factual proofs, as the court will not assume the existence of any material fact issue not pled by the non-moving party.[11]

Failure to exhaust available administrative remedies is an affirmative defense which must be raised by defendants to prisoner civil rights claims.[12]  Defendants who assert such defense have the burden of establishing all necessary elements thereof.[13]  In the context of a summary judgment motion, as here, defendants must thus demonstrate the absence of any material fact question concerning whether or not plaintiff exhausted his available administrative remedies.[14]

If the moving party, here defendants, fail to establish any essential element of their affirmative defense or if plaintiff introduces evidence sufficient to create a genuine issue of material fact concerning that defense, the motion must be denied.[15]

## II.    ANALYSIS

Defendants' motion for summary judgment asserts that no genuine issue of material fact

---

[10]Fed. R. Civ. P. Art. 43(a); Roucher v. Traders & General Ins. Co., 235 F.2d 423, 424 (1956).

[11]Little v. Liquid Air Corp., 37 F.3d 1069 (5th Cir. 1994) (internal citations omitted).

[12]Jones v. Bock, 127 S.Ct. 910 (U.S. 2007).

[13]Fontenot v. Upjohn Co., 780 F.2d 1190, 1194 (5th Cir. 1986).

[14]Gonzales v. Smith, 2007 WL 3046160 (E.D. La. 10/15/2007).

[15]Gonzales, supra, at *2, citing Taita Chem. Co., Ltd. v. Westlake Styrene Corp., 246 F.3d 377 , 388-89 (5th Cir. 2001).

exists concerning plaintiff's failure to exhaust available administrative remedies as required by the PLRA. Defendants allege that plaintiff admits that he did not exhaust all available administrative remedies and that, accordingly, his claims should be dismissed.

Plaintiff argues that genuine issues of material fact do exist concerning whether or not plaintiff failed to exhaust administrative remedies because no such remedies were available and/or because plaintiff was estopped from pursuing such remedies by certain defendants.

Specifically, plaintiff alleges that he attempted to file a grievance or request for administrative remedy (hereinafter "ARP") while incarcerated at Jena, on or about September 28, 2005, but could not because prior to its use as a temporary facility during Hurricane Katrina, this facility had been closed for many years.[16]  Plaintiff also alleges that when he inquired about the possibility of filing an ARP about the abuse he was allegedly enduring at Jena, defendant Rodgers ordered him to "kneel in his office for approximately an hour, stating 'stay here a while until you forget about that ARP.'"[17] Plaintiff refers the court to the affidavit of Rachel Jones (hereinafter "Jones"), a Louisiana attorney who visited Jena as part of a volunteer effort to connect inmates evacuated from JPCC with loved ones who were also displaced by Hurricane Katrina.[18]  Jones' affidavit states that "there was no grievance procedure in place" at Jena.[19] Plaintiff submits evidence in the form of a note smuggled to Jones because plaintiff feared that

---

[16]Memorandum in opposition to motion [R. 68] at p. 5.

[17]Id.

[18]Affidavit of Jones, attached as "Exhibit F" to memorandum in opposition to motion [R. 68].

[19]Id., at p. 2.

his written attempts to report abuse at Jena to outsiders would be destroyed by officials inspecting the outgoing mail.[20]

Plaintiff asserts that upon arriving at Allen in October of 2005, he inquired about filing an ARP concerning the abuse he allegedly experienced at Jena. Plaintiff claims that an official at Allen named Captain Wheaton instructed that "you are here now...and we are Wackenhut and they are the DOC and we have nothing to do with them...there is no point in filing your grievance...you are here now."[21] Plaintiff argues that while he did file ARPs at Allen concerning medical care, he did not file any ARP concerning abuse at Jena because he was led to believe that no mechanism for redress existed. Plaintiff also asserts that he did file an ARP at Allen asking for a confirmation that the information he allegedly received from Captain Wheaton was accurate and further claims that he received no response.[22]

Plaintiff concludes that, given the pendency of other suits before this court by JPCC evacuees alleging similar abuse at Jena and the availability, so far, of discovery in those cases, plaintiff should be afforded the opportunity to conduct his own discovery in order that he might have the chance to substantiate his claim of estoppel.[23]

Defendants respond to plaintiff's defense of estoppel by explaining that no amount of

---

[20]Memorandum in opposition to motion [R. 68] at pp. 13-15; photocopies of envelope containing message attached as "Exhibit G" to motion.

[21]Id., at p. 6.

[22]Id., at p. 7.

[23]Id., at pp. 7-9, referring to Gilmore v. Stalder, Civil Action No. 06-1509(Lead) and associated member cases.

discovery will change the fact that, as plaintiff admits,[24] he failed to exhaust all available administrative remedies. Defendants further assert that, should the court determine that estoppel is an available defense in this case, the behavior plaintiff complains of does not rise to the level of estoppel because defendant Rodgers did not make it impossible for plaintiff to file an ARP.[25] Defendants further point out that plaintiff did not avail himself of the sensitive issues protocol wherein an inmate who fears reprisal can submit his ARP directly to the Louisiana Department of Corrections.[26]

The Supreme Court of the United States considered the affirmative defense of failure to exhaust available administrative remedies in Woodford v. Ngo[27] wherein plaintiff, an inmate in a California state prison, alleged violations of his civil rights because he was denied participation in certain special programs offered at the prison. The Court held that "exhaustion" as required by the PLRA means "proper exhaustion." In so holding, the Court rejected the notion that a prisoner might neglect to exhaust certain remedies until they become technically unavailable and thereby satisfy the exhaustion requirement. Looking to the exhaustion requirements as found in both habeas corpus law and administrative law, as well as the purpose of the PLRA, the Court determined that to fulfill the duty to exhaust all available administrative remedies, the prisoner seeking redress must fully prosecute his complaint (or ARP) through each stage of whatever

---

[24]Memorandum in opposition to motion [R. 68] at pp. 5 - 7.

[25]Reply memorandum [R. 69] at p.

[26]Rule 6 of the Adult Administrative Remedy Procedures (La. Admin. Code 22:I.325(G)(6).

[27]126 U.S. 81 (2006).

process is provided for him by the state of incarceration and that failure to do so, even when that failure forecloses a portion of an administrative remedy once available, frustrates the purpose of the PLRA and is not sufficient to enable federal district court jurisdiction.

The United States Court of Appeal for the Fifth Circuit took up the issue of exhaustion in the recent case of <u>Johnson v. Ford</u>.[28]  In that case, a Texas state prisoner brought a § 1983 claim against prison guards who allegedly denied him access to insulin shots.  The district court denied defendants' motion for summary judgment and defendants filed an interlocutory appeal. The court stated the issue at hand as "whether or not Johnson can avoid the exhaustion of administrative remedies requirement based on a defense of waiver, estoppel, or equitable tolling."[29]  The court began its analysis by noting that it employs "a strict approach" to interpreting the exhaustion requirement, but that this requirement is subject to defenses such as waiver, estoppel, or equitable tolling.[30]  The court also noted that district courts must provide a prisoner the opportunity to demonstrate that he has fulfilled the exhaustion requirement or should be excused from doing so.[31]  The court recalled one such valid excuse to be an instance where prison officials "ignored or interfered with a prisoner's pursuit of an administrative remedy," citing <u>Holloway v. Gunnell</u>.[32]

Like defendants in the instant case, Ford argued that the court had not clarified its prior

---

[28]2008 WL 118365 (5th Cir. 1/14/2008).

[29]<u>Id.</u>, at *2.

[30]<u>Id.</u>, quoting <u>Days v. Johnson</u>, 322 F.3d 863, 866 (5th Cir. 2003).

[31]<u>Id.</u>, citing <u>Miller v. Stanmore</u>, 636 F.2d 986, 991 (5th Cir. 1981).

[32]685 F.2d 150, 154 (5th Cir. 1982).

8

rulings in light of the U.S. Supreme Court's holding in <u>Woodford</u> requiring "proper exhaustion." The <u>Johnson</u> court rejected plaintiff's arguments that his informal requests and "attempts to use the two-step grievance mechanism excuse him from complying with the exhaustion requirement," finding that, under <u>Woodford</u>, Johnson had no excuse for his failure to comply with the protocol for timely filing the first step of the grievance process. So, while the court did allow for the possibility of estoppel as an excuse for failure to exhaust, it did not find that the facts of that case constituted a valid estoppel argument.[33] Turning to the facts of the case now before this court, we are convinced that the same result is warranted.

Louisiana provides a two-step administrative remedy procedure applicable to all adult inmates in state custody.[34] The first step requires the inmate to write a letter to the warden of his holding institution describing the basis for the claim and what relief the inmate seeks. This letter should be written within ninety (90) days of the incident at issue. The warden shall respond to the inmate's letter within forty (40) days. If no response is received or if the inmate is otherwise unhappy with the response, he is entitled to proceed to the second step. The second step requires that the inmate appeal to the Secretary of the Department of Public Safety and Corrections and that the Secretary shall notify the inmate of a final decision on the matter within forty-five (45) days of receipt of the appeal. An inmate who is not satisfied with the second step response may file suit in district court. Louisiana also provides a variation on this process for "sensitive issues." In the Sensitive Issues protocol, the first step is bypassed and the inmate may file his complaint directly to the Secretary of the Department of Public Safety and Corrections.

---

[33] <u>Johnson</u>, <u>supra</u>, at *3.

[34] La. Admin. Code tit. 22, § 325.

Plaintiff was certainly aware of Louisiana's two-step ARP system, as evidenced by his admitted ARP filings at Allen concerning medical care.[35]  Plaintiff makes various claims of attempting to file ARPs concerning the alleged abuse at Jena and of being unaware that he could file a sensitive issues ARP concerning that matter and, finally, of being prevented from filing these ARPs by prison officials at both Jena and Allen.  Taking the allegations contained in plaintiff's affidavit of December 6, 2007 as true for summary judgment purposes, the court finds that plaintiff's admitted failure to exhaust administrative remedies is not excused in this case.

Plaintiff's attempts to file an ARP by submitting it to Rachel Jones, as well as his abandoned efforts at filing ARPs while at Allen do not fulfill the rigorous requirement of exhaustion as interpreted by the Fifth Circuit.  Plaintiff was undoubtedly aware of the procedure and simply did not use it.  Under Woodford and Johnson, we cannot interpret plaintiff's letter, passed to Jones, as an ARP.  Such communications are not contemplated by the Louisiana ARP protocol.  Although plaintiff claims to have been prevented from filing an ARP while at Jena, he does not allege this same handicap at Allen.  Plaintiff merely alleges that he received information from Captain Wheaton that led him to believe the process was unavailable.  Although the Fifth Circuit has not considered this particular estoppel argument, we are convinced that, under their "strict approach" to exhaustion, plaintiff's allegations do not rise to the level necessary to constitute estoppel.  We find the Eighth Circuit's reasoning in Lyon v. Vande Krol[36] to be indicative of this strict approach.

In that case, the court determined that advice given by a rabbi discouraging the prisoner

---

[35]Memorandum in opposition to motion [R. 68] at p. 6.

[36]305 F.3d 806 (8th Cir. 2002).

from filing an ARP and prisoner's subsequent belief that the ARP was unavailable to him were not determinative.  Citing the earlier case of <u>Chelette v. Harris</u>,[37] the court reiterated that the court's decision must turn on whether the administrative remedy was actually available, rather than the prisoner's subjective understanding of that process.  We find, here, that plaintiff's alleged subjective belief that no ARP could be filed does not negate the availability, in fact, of the ARP and therefore does not constitute the defense of estoppel.  Moreover, plaintiff's alleged attempts at filing an ARP concerning abuse at Jena while he was at Allen do not suffice.  Under <u>Woodford</u>, plaintiff is required to fully prosecute his ARP through all available steps.

## III.    CONLCUSION

The court finds that plaintiff's failure to exhaust all available administrative remedies as required by the PLRA is not excused by his defense of estoppel in this case.  Plaintiff has not alleged conduct which, when accepted as true, demonstrate that he was prevented from availing himself of either the normal or sensitive issues administrative remedy procedure.  Plaintiff's failure to exhaust is not excused, alternatively, by his unfinished attempts to file such ARPs or by his transmission of a letter to Rachel Jones.  Under the strict approach to exhaustion employed by the Fifth Circuit, we find that plaintiff has failed to establish the elements of the estoppel defense and, moreover, that discovery would not further plaintiff's effort, as he simply has not alleged conduct making the ARP unavailable to him during his time at Allen.  Although plaintiff has alleged that inmates at Jena were prevented from filing ARPs disclosing abuse, the court finds that Captain Wheaton's alleged remark to plaintiff did not prevent or make unavailable the filing of an ARP concerning alleged abuse at Jena once he arrived at Allen.  Plaintiff would still

---

[37]229 F.3d 684, 688 (8th Cir. 2000), <u>cert. denied</u>, 531 U.S. 1156 (2001).

has alleged that inmates at Jena were prevented from filing ARPs disclosing abuse, the court finds that Captain Wheaton's alleged remark to plaintiff did not prevent or make unavailable the filing of an ARP concerning alleged abuse at Jena once he arrived at Allen.  Plaintiff would still have been within his ninety (90) day limit to file such an ARP and did not do so.

The court finds that no genuine issue of material fact exists concerning whether or not plaintiff's failure to exhaust is excused by the defense of estoppel.  The allegations made by plaintiff, when taken as true, simply do not rise to the level necessary to explain his failure to file and "properly exhaust" the available ARP protocol while at Allen.  Accordingly, we find that defendants' motion for summary judgment should be GRANTED and that all claims by plaintiff against defendants under § 1983 should be dismissed with prejudice.  Defendants' alternative motion for reconsideration of its prior motion to dismiss should, therefore, be DENIED as moot.


Alexandria, Louisiana
March 1 c , 2008

_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT COURT